1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  SAMANTHA SCHOTT BENNETT (NYBN 5132063)
   Assistant United States Attorney
5
        1301 Clay Street, Suite 340S
6       Oakland, California 94612
        Telephone: (510) 637-3680
7       FAX: (510) 637-3724
        samantha.schott@usdoj.gov
8
   Attorneys for United States of America
9

10                      UNITED STATES DISTRICT COURT

11                     NORTHERN DISTRICT OF CALIFORNIA

12                              OAKLAND DIVISION

13
   UNITED STATES OF AMERICA,            )  Case No. 4-20-71541 MAG
14                                       )
            Plaintiff,                   )  STIPULATED PROTECTIVE ORDER
15                                       )
       v.                                )
16                                       )
   DAYNA LYN ALEXANDER, AKA DAYNA       )
17 LYN HUNTSMAN,                         )
                                         )
18          Defendant.                   )
                                         )
19 _____)

20

21        With the agreement of the parties, the Court enters the following Protective Order:

22        Defendant was charged by criminal complaint with Conspiracy to Commit Mail Fraud, in

23 violation of 18 U.S.C. § 1349. The United States has received the defendant's discovery request, and

24 will produce documents and other materials pertaining to the defendant and the charged offense, as well

25 as the underlying investigation that led to the search warrant, to defense counsel. The discovery to be

26 provided includes documents or other materials falling into one or more of the following categories

27 (collectively, "Protected Information"):

28        1.      Personal Identifying Information of any individual (other than his or her name), including

STIPULATION REGARDING PROTECTIVE ORDER
NO. 4-20-71541 MAG

without limitation any person's date of birth, social security number, residence address, personal telephone numbers, email addresses, driver's license number, professional license number, or criminal histories ("Personal Identifying Information"); and

2. Financial information of any individual or business, including without limitation bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers ("Financial Information").

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

IT IS HEREBY ORDERED that defense counsel of record, her investigator, assistants, and employees (collectively, "the defense team") may review with the defendant all discovery material produced by the government, but shall not provide a defendant with copies of, or permit defendant to make copies of, or have unsupervised access to, any discovery material produced by the government that contains Protected Information, unless the Personal Identifying Information and/or Financial Information has first been entirely redacted from the discovery materials.

The government and defense counsel are ordered to work together to ensure that these materials are protected, but that the defendant has as much access to the materials as can be provided consistent with this Court's order.

Discovery material that clearly pertains to the defendant and does not contain Protected Information regarding any other person (e.g., defendant's own bank records, telephone records, and business records) may be provided to the defendant unredacted.

Defense counsel may also provide unredacted copies of Protected Information to any experts retained to assist with the preparation of the defense in the captioned case. The defendant, all members of the defense team, and any experts who receive discovery under this Order shall be provided a copy of this Order along with those materials and shall provide their agreement to be bound by it in writing before receiving discovery under this Order.

Defense counsel may permit review by and provide discovery material produced by the government to potential witnesses for the defense under the following conditions: (1) any discovery material reviewed or provided is limited to the materials relevant to the witness; (2) any discovery material reviewed or provided that contains Protected Information must be redacted; (3) the witness agrees in writing to be bound by this

Order before receiving discovery under this Order; and (4) the witness agree to return or destroy materials after any meetings or discussions with defense counsel.

The materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter unless specifically authorized by the Court.

This Order shall also apply to any copies made of any materials covered by this Order.

IT IS FURTHER ORDERED that neither the defendant, a potential witness, nor any member of the defense team shall provide any discovery material produced by the government—whether or not the material constitutes or contains Protected Information within the meaning of this Order—to any third party (i.e., any person who is not a member of the defense team) or make any public disclosure of the same, other than in a court filing, without the government's express written permission or further order of this Court. If a party files a pleading that references or contains or attaches Protected Information subject to this Order, that filing must be under seal.[1]

IT IS FURTHER ORDERED that defense counsel shall return materials subject to this Protective Order (including any copies) upon a written request of the government to the United States within 14 days after whichever event occurs last in time: dismissal of all charges against the defendant; defendant's acquittal; defendant's sentencing; or the conclusion of any direct appeal. Should the defense team seek to retain copies of any materials subject to this Protective Order, the defense team may, within the time limits set out in the preceding sentence, request that the government provide copies of such materials with all Protected Information appropriately redacted. Government counsel shall provide such redacted copies within a reasonable time after the defense team's request. After the United States receives documents and materials subject to this Order, it shall maintain those documents and materials until the period for filing a motion under 28 U.S.C. § 2255 has expired. After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Order. If defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Order. Defendant's attorney in any motion under 28 U.S.C. § 2255 shall return the documents and

---

[1] This Order authorizes such filings under seal and the parties are not required to seek additional authorization from the Court to do so.

materials subject to this Protective Order upon a written request of the government within 14 days after the district court's ruling on the motion or 14 days after the conclusion of any direct appeal of the district court's order denying the motion, whichever is later.

This stipulation and Order is without prejudice to either party applying to the Court to modify the terms of this Protective Order. This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

IT IS SO STIPULATED.

DATED: October 29, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

/s/ *Samantha Schott Bennett*
SAMANTHA SCHOTT BENNETT
Assistant United States Attorney

/s/ *Patrick Robbins*
PATRICK ROBBINS
Attorney for Dayna Lynn Alexander

IT IS SO ORDERED.

DATED:

HON. NATHANAEL M. COUSINS
United States Magistrate Judge